# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TIJON COX | : |
| | : |
| v. | : |
| | : Civil Action No. CCB-10-581 |
| MICHAEL J. ASTRUE, | : |
| Commissioner, Social Security | : |
| Administration | : |

...o0o...

## MEMORANDUM

Now pending before the court is defendant's motion to dismiss or, in the alternative, for summary judgment and plaintiff's cross-motion for summary judgment. Plaintiff Tijon Cox, a pro se litigant, has sued Michael J. Astrue, Commissioner of the Social Security Administration ("SSA"), for violation of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.[1] The issues in this case have been fully briefed and no hearing is necessary. For the reasons stated below, the defendant's motion will be granted and the plaintiff's motion will be denied.

## BACKGROUND

Mr. Cox, who apparently suffers from multiple sclerosis, filed an application for supplemental security income ("SSI") on April 9, 2009. (*See* Compl. Ex. A (medical records diagnosing Mr. Cox with multiple sclerosis based on MRI and spinal tap results).) After the SSA

---

[1] Although Mr. Cox names the ADA in his complaint, the court will construe his claim as arising under Section 504 of the Rehabilitation Act, 29 U.S.C § 794, because he is suing a governmental agency for denial of benefits. *See* 42 U.S.C. § 12111(5)(B)(i) (excluding the federal government from liability under the ADA). Furthermore, the same legal analysis applies to claims brought under the ADA and Rehabilitation Act. *See Hooven-Lewis v. Caldera*, 249 F.3d 259, 268 (4th Cir. 2001).

denied the claim on the basis of insufficient information, Mr. Cox requested reconsideration. On October 20, 2009, this was denied with the following explanation:

> You said you were unable to work because of multiple sclerosis. We could not decide the severity of your condition with the evidence in file. You indicated that you could attend a medical appointment only if transportation, a wheelchair, and a hospital bed were provided. The closest we could come to accommodating your request was to schedule an internist evaluation in your home. However, you rejected the internist examination. Since there is insufficient evidence on which to determine your present condition, disability cannot be established.

(*See* Def.'s Mot. for Summ. J. Ex. 1 at 1.)

Mr. Cox then requested a hearing before an administrative law judge ("ALJ"). The hearing was scheduled for December 17, 2009 and on November 27, 2009, Mr. Cox requested transportation, a wheelchair, and a hospital bed to attend the hearing. Thereafter, an SSA employee, Baltimore Hearing Officer Director, Roy LaRoache contacted Mr. Cox by telephone to inform him that the SSA does not provide transportation to hearings. Mr. Cox missed the December 17 hearing and the SSA subsequently sent Mr. Cox a Notice to Show Cause for Failure to Appear. Mr. Cox responded to the notice by explaining that he required transportation, a wheelchair, and a hospital bed to attend the hearing. On January 26, 2010, ALJ Kathleen Scully-Hayes wrote Mr. Cox a letter notifying him that the hearing had been rescheduled for March 25, 2010 and reminding him that he had to arrange for his own transportation to the hearing as none would be provided by the SSA. (*See* Def.'s Mot. for Summ. J. Ex. 1 at 2.) The ALJ noted that Mr. Cox could request that she decide the case based on the record alone, but that she would need additional documentation to make a determination of disability. (*See id.*) She also strongly recommended that he obtain representation and attached a list of lawyer referral services. (*See id.* at 2-3.)[2] Mr. Cox filed this lawsuit on March

---

[2] This court agrees that Mr. Cox should if possible obtain legal representation on his claim for benefits. A list of several Maryland lawyers with experience in this area is enclosed for Mr. Cox.

2

8, 2010, alleging that the SSA discriminated against him on the basis of his disability by not reasonably accommodating his requests for transportation to the hearing. The SSA now moves to dismiss, or, in the alternative, for summary judgment. Mr. Cox also moves for summary judgment.

## ANALYSIS

Where matters outside the pleadings are considered by the court, a defendant's motion to dismiss will be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b) & (c); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Whether a fact is material depends upon the substantive law. *See id.*

Under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States, ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …." 29 U.S.C. § 794(a). Discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability ... unless such covered entity can demonstrate that the accommodation

would impose an undue hardship on the operation of the ... covered entity." *See* 42 U.S.C. § 12112(b)(5)(A).

To state a claim of discrimination under the Rehabilitation Act, a plaintiff must show: (1) "[h]e or she suffers a disability as defined by the statute"; (2) "[w]ith or without reasonable modifications, he or she is otherwise qualified to participate in the benefit or employment in question"; and (3) "[h]e or she was excluded from that benefit or employment because of the disability suffered." *McDavid v. Arthur*, 437 F. Supp. 2d 425, 428 (D. Md. 2006) (citing *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264-65 (4th Cir. 1995)). The court will assume without deciding that Mr. Cox has a disability. As Mr. Cox claims the SSA discriminated against him by failing to comply with his transportation request, which, he asserts, was a reasonable accommodation, only the second element is at issue.

Mr. Cox bears the burden of proving that his transportation request qualifies as a reasonable accommodation. *See McDavid*, 437 F. Supp. 2d at 428. To constitute a reasonable accommodation, a requested modification must be both reasonable and necessary. *See id.*; *Pathways Psychosocial v. Town of Leonardtown*, 133 F. Supp. 2d 772, 789 (D. Md. 2001). Yet Mr. Cox offers no evidence or explanation as to why his transportation request was either necessary or reasonable. The medical reports attached to Mr. Cox's complaint note that Mr. Cox experiences severe headaches and numbness and tingling in his hands and feet. (*See* Compl. Ex. 1.) Although the court sympathizes with Mr. Cox's condition, there is no evidence that Mr. Cox has difficulty accessing public transportation options for individuals with disabilities or finding alternative methods of

would impose an undue hardship on the operation of the ... covered entity." *See* 42 U.S.C. § 12112(b)(5)(A).

To state a claim of discrimination under the Rehabilitation Act, a plaintiff must show: (1) "[h]e or she suffers a disability as defined by the statute"; (2) "[w]ith or without reasonable modifications, he or she is otherwise qualified to participate in the benefit or employment in question"; and (3) "[h]e or she was excluded from that benefit or employment because of the disability suffered." *McDavid v. Arthur*, 437 F. Supp. 2d 425, 428 (D. Md. 2006) (citing *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264-65 (4th Cir. 1995)). The court will assume without deciding that Mr. Cox has a disability. As Mr. Cox claims the SSA discriminated against him by failing to comply with his transportation request, which, he asserts, was a reasonable accommodation, only the second element is at issue.

Mr. Cox bears the burden of proving that his transportation request qualifies as a reasonable accommodation. *See McDavid*, 437 F. Supp. 2d at 428. To constitute a reasonable accommodation, a requested modification must be both reasonable and necessary. *See id.*; *Pathways Psychosocial v. Town of Leonardtown*, 133 F. Supp. 2d 772, 789 (D. Md. 2001). Yet Mr. Cox offers no evidence or explanation as to why his transportation request was either necessary or reasonable. The medical reports attached to Mr. Cox's complaint note that Mr. Cox experiences severe headaches and numbness and tingling in his hands and feet. (*See* Compl. Ex. 1.) Although the court sympathizes with Mr. Cox's condition, there is no evidence that Mr. Cox has difficulty accessing public transportation options for individuals with disabilities or finding alternative methods of

transportation.[3] Therefore, Mr. Cox has failed to state a prima facie case of discrimination against the SSA for its failure to comply with his transportation request.

Furthermore, even if Mr. Cox were able to state a prima facie case of discrimination, the SSA "may claim as a defense that the accommodation would fundamentally alter the nature of the public program or cause an undue financial or administrative burden." *McDavid*, 437 F. Supp. 2d at 428. The SSA contends that providing transportation to disabled SSI applicants would constitute an undue hardship because it receives over three million applications a year and lacks the time, expense, or resources to provide for all applicants' transportation needs. Although the SSA reimburses transportation costs for applicants who reside more than 75 miles away from hearing locations, the agency states that providing transportation for individuals like Mr. Cox, who live within five miles of a hearing location, would impose an undue hardship on the agency. Furthermore, the SSA offered Mr. Cox the alternatives of having an internist conduct a medical evaluation in his home and allowing the ALJ to decide the case based on the medical records, such that Mr. Cox would not need to travel to the hearing. Nevertheless, Mr. Cox refused both offers. In addition, Mr. Cox has offered no argument or evidence to rebut the SSA's proffered legitimate reason for denying his transportation request. Accordingly, the court must grant the SSA's motion for summary judgment and deny Mr. Cox's cross-motion for summary judgment.[4]

---

[3] Apparently Mr. Cox has been able to reach doctors' offices for evaluations and tests.
[4] In addition, the court will deny as moot Mr. Cox's remaining motions to expedite resolution through mediation, to live and not die, to add evidence of Fifth Amendment violation, to request mediation, to add evidence to his motion for summary judgment, and for default judgment.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion, construed as a motion for summary judgment, will be granted and the plaintiff's cross-motion for summary judgment will be denied. A separate Order follows.


June  7, 2010                                                  /s/
Date                                               Catherine C. Blake
                                                   United States District Judge